UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MOISES MERAZ-ESPINOZA, | Case No. 23-cv-05947-WHO (PR) |
|---|---|
| Plaintiff, | **ORDER OF SERVICE;** |
| v. | **ORDER DIRECTING DEFENDANT TO FILE A DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION;** |
| H. SANTOYO, et al., | |
| Defendants. | **INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff Moises Meraz-Espinoza alleges that his jailors failed to stop an assault on him by another prisoner and to summon medical care. His first amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

When liberally construed, Meraz-Espinoza has stated claims against H. Santoyo, a correctional officer, under the Eighth Amendment for failing to protect and for failing to summon medical care. All other claims and defendants are DISMISSED.

The Court directs defendant Santoyo to file in response to the operative complaint a dispositive motion, or a notice regarding such motion, on or before **April 7, 2025**. Defendant also shall file an answer in accordance with the Federal Rules of Civil Procedure.

No hearing will be held on any motion unless I specifically order one.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Meraz-Espinoza alleges that on June 21, 2023 while in the yard at CTF-Soledad a fellow inmate, who lived in the cell next door, was seated in the yard cage next to his. (Am. Compl., Dkt. No. 20 at 2-3.) He alleges that the attacking prisoner threw the contents of two milk cartons full of human waste at him from a distance of seven feet while Meraz-Espinoza was talking to Officer Santoyo. (*Id.* at 3.) As the attacking prisoner

1    ran to his toilet to refill the cartons, Santoyo asked "What are doing?" (*Id.* at 3-4.) The
2    prisoner then said, "I[']m gassing his bitch ass" before refilling the cartons. (*Id.* at 4.)
3    Plaintiff alleges that the prisoner refilled the cartons and threw the contents at him at least
4    four times. (*Id.*)

5          After the attack, Meraz-Espinoza was escorted to his cell and allowed to "shower
6    and decontaminate"; defendant H. Santoyo "cleaned and disinfected" the outdoor cell; and
7    the other inmate was placed in another cell. (*Id.* at 2-7.) Meraz-Espinoza contends that the
8    prison guards again violated his constitutional rights by: failing to activate their alarms or
9    order the other inmate to stop; cleaning the outdoor cell rather than retain evidence of the
10   attack; failing to issue the inmate a rules violation report; and failing to summon medical
11   care. (*Id.*) He alleges that in the days immediately after the attack he had a fever, chills,
12   and bone aches, which he continued to feel for ten days. (*Id.* at 7.) He alleges that he
13   caught hepatitis from the attack. (*Id.*)

14         When liberally construed, Meraz-Espinoza has stated two Eighth Amendment
15   claims: one for failure to protect and the other for failure to summon medical care. All
16   other claims and defendants are DISMISSED.

## CONCLUSION

18   For the foregoing reasons, the Court orders as follows:

19   1.     The Clerk of the Court shall issue summons and the United States
20   Marshal shall serve, without prepayment of fees, a copy of the operative complaint in this
21   matter (Dkt. No. 20), all attachments thereto, on defendant H. Santoyo, a correctional
22   officer at CTF-Soledad, and orders this defendant to respond to the cognizable claims
23   raised in the operative complaint.

24   2.     Service on this defendant shall proceed under the California Department of
25   Corrections and Rehabilitation's e-service program for civil rights cases from prisoners in
26   CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR
27   via email the following documents: the operative complaint (Docket No. 20) and its
28   attachments; this Order; a CDCR Report of E-Service Waiver form; and a summons. The

Clerk also shall serve a copy of this Order on the plaintiff.

3.     No later than 40 days after service of this order via email on CDCR, CDCR shall provide the Court a completed CDCR Report of E-Service Waiver advising the Court which defendant(s) listed in this Order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

4.     Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-285 Form.  The Clerk shall provide to the USMS the completed USM-285 forms and copies of this Order, the summons and the complaint for service upon each defendant who has not waived service.

5.     Defendant shall file an answer in accordance with the Federal Rules of Civil Procedure.

6.     On or before **April 7, 2025**, defendant shall file a motion for summary judgment or other dispositive motion with respect to the claim(s) in the complaint found to be cognizable above, or otherwise respond to the complaint.

a.     If defendant elects to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant shall do so in a motion for summary judgment, as required by *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014).

b.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the

4

1  Court prior to the date the summary judgment motion is due.

2      7.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
3  and served on defendant no later than forty-five (45) days from the date defendant's
4  motion is filed.

5      8.    Defendant shall file a reply brief no later than fifteen (15) days after
6  plaintiff's opposition is filed.

7      9.    The motion shall be deemed submitted as of the date the reply brief is due.
8  No hearing will be held on the motion unless the Court so orders at a later date.

9      10.    All communications by the plaintiff with the Court must be served on
10  defendant, or on defendant's counsel once counsel has been designated, by mailing a true
11  copy of the document to defendant or defendant's counsel.

12      11.    Discovery may be taken in accordance with the Federal Rules of Civil
13  Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local
14  Rule 16-1 is required before the parties may conduct discovery.

15  Plaintiff is reminded that state prisoners may review all non-confidential material in
16  their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App.
17  1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations
18  Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1.
19  Requests to review these files or for copies of materials in them must be made directly to
20  prison officials, not to the Court.

21      12.    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
22  Court informed of any change of address and must comply with the Court's orders in a
23  timely fashion. Failure to do so may result in the dismissal of this action for failure to
24  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

25      13.    Extensions of time must be filed no later than the deadline sought to be
26  extended and must be accompanied by a showing of good cause.

27      14.    A decision from the Ninth Circuit requires that pro se prisoner-plaintiffs be
28  given "notice of what is required of them in order to oppose" summary judgment motions

at the time of filing of the motions, rather than when the court orders service of process or otherwise before the motions are filed. *Woods v. Carey*, 684 F.3d 934, 939-41 (9th Cir. 2012). Defendants shall provide the following notice to plaintiff when he files and serves any motion for summary judgment:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact — that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998).

15. No hearing will be held on any motion unless I specifically order one.

**IT IS SO ORDERED.**

Dated: December 4, 2024



WILLIAM H. ORRICK
United States District Judge

6