UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOISES MERAZ-ESPINOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>H. SANTOYO,<br><br>    Defendant. | Case No. 23-cv-05947-WHO (PR)<br><br>**ORDER EXTENDING TIME;**<br><br>**ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>Dkt. Nos. 28 and 31 |

    Defendant's motion to extend the dispositive motion filing deadline is GRANTED. (Dkt. No. 31.) Defendant shall file his dispositive motion on or before **July 7, 2025**. Plaintiff Meraz-Espinoza's opposition shall be filed within 45 days after defendant's motion is filed. Defendant's reply shall be filed within 15 days after the opposition is filed. The motion shall be deemed submitted on the day the reply brief is due.

    Meraz-Espinoza has filed a motion for the appointment of counsel in which he contends that his prison law library access is insufficient, the issues in his suit are complex, and he would be better served with the assistance of counsel. (Dkt. No. 28 at 2-4.) The decision to request counsel to represent an indigent litigant under 28 U.S.C. § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and an evaluation of the plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither the need for discovery,

1  nor the fact that the pro se litigant would be better served with the assistance of counsel,
2  necessarily qualify the issues involved as complex.  *See Rand v. Rowland*, 113 F.3d 1520,
3  1525 (9th Cir. 1997).
4      There is no doubt that not having a lawyer puts a party at a disadvantage in our
5  adversarial system of justice.  Across the United States in 2020, unrepresented prisoners
6  filed almost 8000 cases, roughly 16.65% of all new civil filings. United States Courts for
7  the Ninth Circuit, 2020 Annual Report,
8  https://cdn.ca9.uscourts.gov/datastore/judicialcouncil/publications /AnnualReport2020.pdf.
9  The high percentage of civil litigants who cannot afford counsel threatens our ability to
10 dispense equal justice to rich and poor alike, as the judicial oath demands.  That said, I am
11 compelled to follow controlling precedent and determine if "exceptional circumstances"
12 exist to appoint counsel in the cases before me.
13     Meraz-Espinoza has not shown that exceptional circumstances exist.  His filings are
14 clear, and the suit does not present complex legal issues:  his claims are that his jailors
15 failed to protect him from another inmate and failed to summon medical help.
16 Furthermore, there is no immediate need for Meraz-Espinoza to conduct any legal
17 research.  Defendant has not filed his motion and the extension granted above will allow
18 Meraz-Espinoza further time to access the law library insofar as any is needed at this early
19 stage of litigation.  Accordingly, the motion for the appointment of counsel is DENIED.  I
20 will reconsider the necessity of appointing counsel if circumstances warrant such action at
21 a later date.
22     The Clerk shall terminate all pending motions.
23     **IT IS SO ORDERED.**
24 **Dated:**  April 15, 2025



WILLIAM H. ORRICK
United States District Judge

2